## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHER DIVISION

JAMES WEBB,

       Plaintiff,

                                       Case No: 05-CV-71619-DT

v.

                                       HONORABLE DENISE PAGE HOOD

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

## <u>ORDER ACCEPTING REPORT AND RECOMMENDATIONS</u>

       This matter is before the Court on Magistrate Judge Steven D. Pepe's Report and Recommendation filed March 3, 2006. To date, no Objections have been filed by Plaintiff.

       Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made by the Commissioner are supported by substantial evidence, and deciding whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1989). An administrative decision must be affirmed if supported by substantial evidence, even if the Court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*,

730 F.2d 1147, 1140 (8th Cir. 1984)).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate Judge that even with the ALJ's error in failing to consider the Vocational Expert's testimony that a sit/stand option would reduce the available light category jobs, this error is not adequate support for the elimination of the light category of jobs. Neither a remand for redetermination nor further testimony by the Vocational Expert is required. As noted by the Magistrate Judge, even if the light jobs were totally eliminated, there remains sufficient testimony regarding the availability of a significant number of sedentary jobs in the economy that Plaintiff could perform.

The Court also agrees with the Magistrate Judge that the "Grid Rulings" issue based on the fact that Plaintiff turned 50 years old in April 2005 is not a matter before the Court. The Court may only review the administrative record to determine if the ALJ's ruling was supported by the record and the Court may not conduct a *de novo* review of the ALJ's conclusions.

The Court finally agrees with the Magistrate Judge that on the facts of this case, the ALJ's hypothetical question regarding Plaintiff's ability to perform simple repetitive jobs was adequate. The ALJ's ultimate finding that Plaintiff is not disabled is supported by the opinion of Dr. Gordon R. Forrer and the Vocational Expert's testimony.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Pepe filed March 3, 2006 **(Docket No. 16)** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **(Docket No.**

**10, filed August 19, 2005**) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **(Docket No.**

**15, filed October 18, 2005**) is GRANTED

IT IS FURTHER ORDERED that this matter is DISMISSED with prejudice.


    /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: March 31, 2006



I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager